## Botts' Administrator *vs* Fitzpatrick.

ERROR TO THE BATH CIRCUIT.

*Pleas and pleadings.   Judgments.*

JUDGE BRECK delivered the opinion of the Court.

COVENANT.

*Case* 92.

*May* 5.

The case stated.

FITZPATRICK sued Samuel Botts, as administrator of James Botts, in covenant, upon an obligation of his intestate.

The defendant filed three pleas; the substance of the first plea is: that his intestate was security upon the covenant sued on, for one William Ward, against whom the plaintiff had recovered a judgment upon said covenant, and that an execution had issued thereon, and been levied upon property, which had not been disposed of before the institution of this suit.

The second plea is a plea of *plene administravit*, and the third that no assets had come to his hands as administrator.

The plaintiff filed a demurrer to the first plea, and took issue upon the second and third.

The law and facts being submitted to the Court, judgment was rendered for the plaintiff as follows: "It is, therefore, considered by the Court, that the plaintiff recover of the defendant one hundred and fifty dollars, with interest thereon at the rate of six per cent. per annum, from the 1st day of January, 1841, till paid, and also his costs herein expended, but that execution is to issue for one hundred and nineteen dollars only, that being the amount of assets in the hands of said administrator." The defendant has brought the case before this Court, and the plaintiff also objects to the judgment and has assigned cross errors.

The record does not show any disposition of the demurrer to the first plea, and that fact presents the first question for consideration.

As judgment was given for the plaintiff upon the whole record, the demurrer not being expressly disposed of,

Where there is a demurrer to a plea, not dispos-

BOTTS' ADM'R.
*vs*
FITZPATRICK.

ed of by the Circuit Court, by any thing appearing on the record and judgment for the plaintiff, will be considered by this Court as sustained.

A plea by defendant that he was surety in the covenant sued on, and that judgment had been recovered there against his principal, and execution issued and levied, without averment of satisfaction, is no bar.

The father who is the heir of his son, is not a competent witness for his administrator.

A judgment against an adm'r. should be for the debt or damages to be levied of assets in his hands, to the extent that assets may be found to be in his hands, and for the balance, of assets which may come to his hands.

must be regarded as having been sustained, as was decided by this Court in *Cockran's executor* vs *Davis,* (5 *Litt.* 119.)

1st. The plea does not show that the judgment upon the covenant sued on against the other obligors, had been paid off or discharged, and constituted, therefore, no bar to the plaintiff's action against the defendant. The plea was consequently bad, and the demurrer properly sustained. 2ndly, It is insisted that the amount of assets found to be in the hands of the administrator, is not sustained by the testimony. Without stopping to detail the testimony we need only remark, that we are satisfied with the finding, and that there is no ground on that account for reversing the judgment.

3rdly, It is urged that the Court below erred in excluding the testimony of the father of the defendant's intestate; but as the father was the heir and legal representative, the son having died without issue, there can be no doubt as to his incompetency.

4thly, It is contended by the counsel for the plaintiff as well as the defendant, that the judgment is irregular and erroneous. The defendant objects upon the ground that it is rendered against him *de bonis propriis*—the plaintiff that it is not for enough; that he has, in effect, no judgment except to the extent of the assets found to be in the hands of the defendant.

The judgment is certainly very irregular, and with or without the restriction upon the right of the plaintiff to have execution, cannot be sustained.

The statute of 1811 relieves the administrator from the consequences of a false plea, as well as of a failure to plead; and although assets are found to be in the hands of the defendant in this case, to the amount of $119, yet that does not authorize a judgment against him *de bonis propriis*, even to that extent. This construction is recognized by this Court in *Bishop* vs *Hamilton,* (4 *J. J. Marshall,* 548,) and also in *Grigg, &c.* vs *The Commonwealth, for &c.,* (9 *Dana,* 343.)

The judgment should have been rendered against the defendant for the $150, with interest and costs, to be levied of assets in his hands to be administered, as to $119

thereof, and as to the residue, to be levied of assets which may hereafter come to his hands to be administered.

The judgment must, therefore, be reversed upon the errors assigned by the plaintiff as well as the defendant, and the cause remanded that a judgment may be rendered as herein indicated, and each party is entitled to his costs in this Court.

*Apperson* for plaintiff: *Peters* for defendant.