## S. B. HOWARD'S ADMR. *v.* A. P. COOPER.

**War—Confiscation of Property—Order of Superior Officer—Pressing Necessity.**

Where property is taken under orders of a superior officer it must be valued by disinterested persons and the evidence of the taking, for the public service, with the evidence of its value must be given to the owner, so as to enable him to hold the government responsible for its value and there must be evidence of the pressing necessity for the taking.

### APPEAL FROM MORGAN CIRCUIT COURT.

October 12, 1871.

OPINION BY JUDGE PETERS:

It appears from the evidence that the affidavit attached to the account made by appellee of the justness, etc., of the claim, and of his witness proving it, were sworn to before an officer of Magoffin county having authority to administer the oath in said county where it was administered, and the demand with the necessary affidavits before suit brought, was sufficiently proved.

If the mare was taken under orders of a superior officer of the Confederate army it was the duty of intestate to have had her valued by disinterested persons and the evidence of his having taken her for the public services with the evidence of her value given to the owner so as to enable him to hold the de facto government responsible for her value, this is not shown to have

been done, and there is no evidence that there was any pressing necessity to take her, in the absence of which the taking was without excuse.

Nor do we think the court below erred in overruling the objections to R. L. Cooper's evidence. There was other evidence conducing to show that the mare had been taken by intestate, and witness testified to what the man said who was riding her, and the rational presumption would be that the intestate was the man who made the communication.

But the judgment must be reversed for another and altogether different reason.

The suit is brought against appellant as administrator for the taking and conversion of appellee's mare by the intestate and appellant can only be made responsible in his representative capacity. But a personal judgment was rendered against him which was erroneous. It should have been rendered against him for the amount found and costs to be levied on assets in his hands to be administered. *Botts' Admr. v. Fitzpatrick,* 5 B. Mon. 397.

For the foregoing error the judgment is reversed and the cause is remanded with directions to render judgment as herein indicated.

*W. H. Holt, for appellant.*